NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NOEL HERRERA-QUINTERO, | Nos. 21-70195, 22-2050 |
| Petitioner, | Agency No. A078-682-660 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2026**
Phoenix, Arizona

Before: CALLAHAN, OWENS, and FRIEDLAND, Circuit Judges.

In these consolidated cases, Noel Herrera-Quintero ("Herrera"), a native and citizen of Mexico, petitions for review of the: (1) Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of cancellation of removal; and (2) BIA's denial of his motion to reopen. "Where the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Diaz v. Bondi*, 129 F.4th 546, 552 (9th Cir. 2025) (citation omitted). We review for substantial evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025). We review the denial of a motion to reopen for abuse of discretion. *Perez-Camacho v. Garland*, 54 F.4th 597, 603 (9th Cir. 2022). We deny the petitions for review.

1. To be eligible for cancellation of removal, an applicant must meet four statutory criteria, including showing that their removal would result in an "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). To meet this requirement, an applicant must establish that their removal will result in hardship to a qualifying relative that is substantially different from, or beyond, the hardship ordinarily associated with removal from the United States. *Gonzalez-Juarez*, 137 F.4th at 1006.

Substantial evidence supports the agency's determination that, under the totality of the circumstances, Herrera had not shown that his removal would result in an exceptional and extremely unusual hardship to his U.S.-citizen wife and two U.S.-citizen children from his first marriage. Herrera contends that his wife suffers from psychological and medical issues, and depends on him financially, physically,

2

and emotionally. However, the agency found that Herrera had not established that his wife suffers from serious ongoing medical issues which rise to the level of exceptional and extremely unusual hardship. The agency noted that the only medical records Herrera provided were regarding his wife's chronic migraines. The agency also considered that his wife has government medical benefits and a nearby adult son potentially able to provide emotional support.

2. After the BIA denied cancellation of removal, Herrera filed a motion to reopen to provide medical records for his wife that were not previously submitted. The BIA did not abuse its discretion by denying the motion to reopen on the ground that Herrera failed to show that the evidence was previously unavailable or could not have been presented at his prior hearing before the IJ. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."). Although some of the evidence postdated the IJ hearing, it did not reflect significant changes to the facts presented to the IJ, and Herrera did not explain why similar evidence could not have been presented before the IJ.

**PETITIONS FOR REVEW DENIED.**[1]

---

[1] The motions for stay of removal are denied.